IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN ERIK J., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 24 C 0061<br><br>Magistrate Judge M. David Weisman |

### MEMORANDUM OPINION AND ORDER

Sean Erik J. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

### Background

On November 18, 2020, plaintiff applied for benefits, alleging a disability onset date of November 18, 2020. (R. 87-88.) His application was denied initially, on reconsideration, and after a hearing. (R. 17-32, 87-115.) The Appeals Council denied review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 19.) At step two, the ALJ found that plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, generalized anxiety disorder, opioid use disorder, benzodiazepine dependence, delusional disorder, and chronic pain disorder. (R. 20.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform light work with certain exceptions. (R. 22, 30.) At step five, the ALJ found that, jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 31-32.)

Plaintiff contends that "it is virtually impossible to discern" how the ALJ arrived at the conclusion that he is only moderately limited in interacting with others. (ECF 14 at 10.) The Court

2

disagrees. The ALJ cited the evidence on which she relied and explained how she weighed it to reach her conclusion:

> . . . . On April 10, 2022, Dr. Mohney concluded that the claimant has mild limitation interacting with others (Exhibit 3A). On August 27, 2022, Dr. Galassi-Hudspeth also concluded that the claimant has mild limitation interacting with others (Exhibit 5A). This assessment is partially persuasive because the claimant indicated that he is generally able to get along with others although he has difficulty with authority (Exhibit 4E). Additionally, the numerous evaluations of the claimant indicated that he exhibits cooperative behavior and normal mood and affect (Exhibits 7F/106; 9F/9; 10F/64; 11F/123; 12F/13; 13F/5, 47; 15F/141; 16F/10; 31F/4, 10; 32F/6). However, the claimant has also been verbally abusive and threatening when he has overused his medication and is requesting early medication refills (Exhibits 5F/2, 22, 28; 7F/210). Therefore, based upon the record as a whole, the claimant will be considered to have moderate limitations interacting with others.

(R. 21.) Plaintiff's contention that the ALJ's assessment "makes little sense" (ECF 14 at 10) is just an invitation for the Court to reweigh the evidence, which we cannot do. *See Gedatus*, 994 F.3d at 900 ("We will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it.").

The same is true for plaintiff's challenge to the moderate limitation in concentrating, persisting, or maintaining pace that the ALJ found him to have:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. On April 10, 2022, Dr. Mohney concluded that the claimant has moderate limitation with regard to concentrating, persisting or maintaining pace (Exhibit 3A). On August 27, 2022, Dr. Galassi-Hudspeth also concluded that the claimant has moderate limitation with regard to concentrating, persisting, or maintaining pace (Exhibit 5A). These assessments are persuasive because they are consistent with the record as a whole. The claimant indicated in his function report that he is able to watch television, play video games, and complete tasks (Exhibit 4E). Additionally, the numerous evaluations of the claimant do not mention distractibility and indicate normal attention and concentration and intact memory (Exhibits 12F/14; 31F/10; 32F/6). Therefore, the claimant does not exhibit marked limitation with regard to concentrating, persisting, or maintaining pace.

(R. 21.) Plaintiff argues that, in making this determination, the ALJ should have credited his testimony about his limited abilities and should have also considered an October 2021 psychiatric evaluation in which plaintiff was noted to have a constricted affect and was diagnosed with paranoia and anxiety. (*See* R. 3969-70.) The former argument is a request that we reweigh the evidence, which as noted above, we cannot do. *See Gedatus*, 994 F.3d at 900. The latter argument assumes that plaintiff's diagnoses and affect negatively impact his ability to concentrate, persist, and maintain pace. But the psychiatric evaluation does not say that and plaintiff points to no evidence that does. Absent such evidence, the ALJ's failure to address this evaluation in analyzing plaintiff's ability to concentrate, persist, and maintain pace is not error.

Plaintiff also argues that the ALJ discounted the severity of his psychiatric symptoms. But the ALJ thoroughly addressed plaintiff's mental health records, including those from his four-day psychiatric hospitalization in August 2021, in which plaintiff reported having suicidal ideations, olfactory hallucinations, and delusions of a "meth addict living in [his] attic and under [his] bed" (R. 24-25; *see* R. 3694-95.) However, she also said the record showed that plaintiff improved significantly after the hospitalization. (R. 25-26 (citing R. 3696 (8/30/21 hospital discharge notes stating that plaintiff denied having suicidal ideations, his delusional ideation was improving, he had fair insight and judgment and good mood and affect), R. 3969 (10/14/21 notes of psychiatric evaluation by Dr. Segalite saying, plaintiff feels better, keeps busy, denies suicidal ideation, has linear thought process, and "OK" mood)).) Moreover, the ALJ noted that despite the reported severity of his symptoms, plaintiff did not seek "significant psychiatric treatment or counseling." (R. 24.) Thus, the record refutes plaintiff's contention that the ALJ ignored his psychiatric symptoms.

Plaintiff also contends that the ALJ wrongly concluded that his mental impairments "had little to no impact on his work-related functioning." (ECF 14 at 12.) But the RFC contains non-exertional limitations, including limitations to "simple, direct, and concrete" interaction with supervisors and "brief and superficial interaction with the public." (R. 22.) Moreover, plaintiff does not posit limitations that he contends should have been included in the RFC. Rather, he asserts—without citing any evidence—that "it is difficult to imagine that he would be capable of sustaining even the simplest tasks in a full-time work environment." (ECF 14 at 12.) Plaintiff's unsupported supposition is not a basis for disturbing the RFC.

Plaintiff's next argument is that the ALJ failed to perform a DAA [drug addiction or alcoholism] analysis. Under the regulations, if an ALJ determines that a claimant has a medically determinable impairment of DAA and that it together with his other impairments renders him disabled, then the ALJ must determine whether the claimant would continue to be disabled if he stopped using drugs or alcohol; "that is, whether DAA is 'material' to the finding that the claimant is disabled. S.S.R. 13-2p, 2013 WL 621536, at *2 (S.S.A. Feb. 20, 2013). It is true that the ALJ did not perform a DAA analysis, but her failure to do so was not error. As the regulation states, a DAA analysis is required only if the ALJ determines that a claimant's DAA impairment together with his other impairments renders him disabled. *See id.* In this case, the ALJ found plaintiff to have a DAA impairment (R. 20) but she did not find that it together with his other impairments rendered him disabled. (R. 20-31.) Thus, no DAA analysis was required.

Plaintiff further argues that the ALJ improperly discounted his physical impairments and allegations of physical pain. The ALJ noted plaintiff's testimony that he spends most of the day in bed, has back pain, uses a cane to walk, frequently uses the bathroom because of IBS, and cannot stand for long periods of time due to venous insufficiency. (R. 23.) She also noted, however, that

5

plaintiff said he can attend to his personal needs, do laundry, clean his room, drive, walk his dog, shop in stores, play video games, and get along with peers. (*Id.*) Further, the ALJ said plaintiff's medical records do not indicate that he has difficulty with prolonged standing or walking, uses a cane, needs to use the bathroom frequently, has any significant lumbar spine disease, radiculopathy, or tenderness of the lumbar or cervical spine, or trouble ambulating. (R. 23-28.) The ALJ also said the records showed that plaintiff had a procedure to address his vein problems and repeatedly asked for opioids and benzodiazepines when he sought medical treatment. (*Id.*) Thus, the ALJ did not factor in the effects his physical impairments have on his ability to sustain full-time work because she did not find that there were any. (R. 23 -24 (summarizing plaintiff's alleged physical limitations and treatment, noting that the plaintiff has not required follow-up treatments due to physical improvement, and then outlining the record to support her conclusion that "the extensive medical records show a pattern of drug-seeking behavior); R. 28 ("[A]s of October 2022, the claimant continued to be resistant to being weaned off opioids and has not followed up with counseling to get help to get off opioids. Nonetheless, throughout 2022, the claimant consistently exhibited normal physical examinations, intact coordination, good strength in all the extremities, no significant tenderness of the lumbar spine, and a normal gait")).

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [14], grants the Commissioner's motion for summary judgment [17], affirms the Commissioner's decision, and terminates this case.

**SO ORDERED.**          **ENTERED:  October 24, 2024**

_M. David Weisman_
**M. David Weisman**
**United States Magistrate Judge**